IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LLOYD O'CONNOR, | **8:24CV443** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| UNION PACIFIC RAILROAD CO., | |
| Defendant. | |

Presently before the Court is Defendant's Motion to Compel, Filing No. 25, in which Defendant requests the Court compel Plaintiff produce an executed authorization for release of his employment records from his current employer. The requested waiver includes application materials, job description, documentation of post-offer medical inquiries or examinations and the results thereof, and documentation of any safety-related disciplinary actions or measures, including performance evaluations discussing the same. For the reasons below, the motion will be granted as set forth herein.

Prior to Defendant's request for the executed release, Defendant sought related materials from Plaintiff in Defendant's Request for Production No. 19. Request No. 19 states as follows:

> Copies of your personnel files and employment records from your previous and current employers relevant to your assertion that you are a qualified individual, as well as those relevant to your alleged mitigation of damages. (Please complete the Employment Records Authorization attached hereto in order to facilitate the Defendant in obtaining such records, return the signed Authorization to counsel for the Defendant along with your Responses).

1

Filing No. 27-2 at 5. Plaintiff objected to this request as overly broad. *Id.* On June 6, 2025, Defendant narrowed this request, via letter, to just seek execution of an Employment Records Authorization for Plaintiff's employment records with his current employer, Zebis.[1] Filing No. 27-3 at 3.

In response to Defendant's motion Plaintiff argues: (1) the only relevant documents in possession of Plaintiff's current employer are those relating to mitigation of damages (i.e., those that show his pay) and, as such, the authorization seeks mostly irrelevant documents and (2) allowing Defendant to obtain documents directly from Plaintiff's employer has the potential to harm Plaintiff's relationship with his current employer. For these reasons, Plaintiff argues the proposed authorization is disproportional to the needs of the case. Plaintiff also argues Rule 34 does not contain any mechanism by which a party can compel Plaintiff to sign an authorization for release of records.

## ANALYSIS

The Court first addresses whether the Rules allow a party to compel the execution of a records authorization via a Rule 34 request. Courts who have analyzed this specific issue are divided. *See Scott v. City of Bismark, 328 F.R.D. 242, 246–47 (D.N.D. Sept. 17, 2018).* Those holding the execution of a release is not permitted typically rely upon the plain language of Rule 34, which does not explicitly provide for a records release of this type. *Id.* (citing cases). In contrast, courts compelling the execution of the release typically conclude the request falls within the overall authority of Rule 34 because the request allows the requesting party to obtain records that are within the control of the party to whom the Rule 34 request has been made, albeit directly from non-parties. *Id.* (citing cases).

---

[1] There is some discrepancy as to the correct name of Plaintiff's current employer. *See* Filing No. 26 at 3. The Court will defer to the name/spelling used by Plaintiff in response to Defendant's interrogatories.

District courts within the Eighth Circuit have ordered the execution of releases without much discussion regarding the court's authority to do so. *Id.* at 248. However, the court in *Scott* extensively analyzed the issue and the undersigned generally agrees with its analysis. Specifically, the Court finds there is authority to compel execution of releases when such request is encompassed in a Rule 34 request. Rule 34, in relevant part, allows a party to "serve on any other party a request to produce and permit the requesting party to inspect or copy any designated documents" "in the responding party's possession, custody, or control." (cleaned up). Documents, such as medical or employment records are arguably in an individual's "control" if that individual has the ability to obtain those documents upon request. *Scott*, 328 F.R.D. at 247. Therefore, the Court concludes it has the authority to compel Plaintiff to execute a release for the subject records.

The Court next turns to whether the requested records fall within Rule 26. Federal Rule of Civil Procedure 26 sets forth the scope of discovery, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). Courts are to examine each case individually when considering these factors.

A party requesting discovery must show how the requested information is important to the issues and resolution of the case. They must present a threshold showing of relevance before parties are required to "open wide the doors of discovery" and "produce a variety of information which does not reasonably bear upon the issues in the case." *Hartman v. Sunbelt Rentals, Inc.*, 4:21CV3328, 2022

WL 17253529, at *4 (D. Neb. Nov. 28, 2022) (quoting *Hartman Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). If they do so, the burden shifts to the party resisting discovery to prove their objections are valid "by providing specific explanations or factual support as to how each discovery request is improper." *Whittington v. Legent Clearing, L.L.C.*, No. 8:10CV465, 2011 WL 6122566, at *3 (D. Neb. Dec. 8, 2011).

Discovery requests should be considered relevant if there is "any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." *Bailey v. City of Bellevue*, No. 4:18CV3132, 2020 WL 5664947, at *3 (D. Neb. Sept. 23, 2020). But mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. *See Hartman v. Sunbelt Rentals, Inc.*, No. 4:21CV3328, 2022 WL 17253529, at *4 (D. Neb. Nov. 28, 2022) (citing *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972)). "While the standard of relevance in the context of discovery is broader than in the context of admissibility, . . . this often intoned legal tenant should not be misapplied so as to allow fishing expeditions in discovery." *Sunbelt Rentals, Inc.*, 2022 WL 17253529, at *4 (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

For purposes of this discovery motion, the Court considers the narrowed discovery request, i.e., that Plaintiff produce an executed authorization of release for his employment records from his current employer in accordance with Request No. 19 to specifically include application materials, job description, documentation of post-offer medical inquiries or examinations and the results thereof, and documentation of any safety-related disciplinary actions or measures, including

4

performance evaluations discussing the same.[2] Filing No. 25 at 1. Defendant argues these documents are relevant because they concern whether Plaintiff was a qualified individual, an explicit element of Plaintiff's pending disability discrimination claim. Whereas Plaintiff argues the request, with the exception of documents illustrating mitigation, exceeds the scope of relevant discovery.

Here, the Complaint alleges that when Plaintiff suffered a stroke in February 2022 he was holding a "signal maintainer position" with Defendant. Filing No. 1 at 2. Plaintiff alleges Defendant refused to reinstate him after his stroke, despite the fact that he was released without restriction. *Id.* Plaintiff alleges Defendant discriminated against him in violation of 42 U.S.C. § 12101. In his request for relief, Plaintiff seeks damages for past and future income and benefits.

---

[2]  Neither party attaches a copy of the requested release. Defendant's original request, Request for Production 19, requests copies of "personnel files and employment records" from previous and current employers. Filing No. 27-2 at 5. Defendant's meet and confer letter narrows this request to only Plaintiff's current employer, Zebis. Fling No. 27-3 at 3. Defendant's motion further narrows the request by seeking a release for specific documents from Zebis to include "application materials, job description, documentation of post-offer medical inquiries or examinations and the results thereof, and documentation of any safety-related disciplinary actions or measures, including performance evaluations discussing the same." Filing No. 25 at 1. Without a copy of the requested release, the Court will not order Plaintiff to sign a blanket release. There may be meritorious objections to Defendant's broader requests (i.e. not *every* document within Plaintiff's personnel file and employment records may be relevant). As such, the Court will construe Plaintiff's motion as, yet again, narrowing their request to the specific documents listed.

It is the Court's practice to rule on the discovery request as drafted and, *in most cases*, the Court will not tailor the party's request to comply with the federal rules and the mandated proportionality under those rules. *See* Magistrate Judge Civil Case Management Practices, Discovery Practices at 10 (emphasis added). However, the Court will consider the compromised positions in ruling on this motion to compel. The Court cautions counsel that written discovery must be more carefully drafted to limit sweeping requests for information.

It is clear, and Plaintiff does not dispute, that Plaintiff's pay information is relevant to both damages and a potential failure to mitigate defense.[3] The disagreement between the parties arises when considering Plaintiff's employment records more broadly and outside of the context of damage calculations. Defendant argues the documents are relevant to whether Plaintiff was a qualified individual who could perform the essential functions of his job. To support this position, Defendant notes that Plaintiff currently works for Zebis as a "signal maintainer" and has since June 2022. Filing No. 27-1 at 2. This is substantially the same job title Plaintiff held while working for Defendant. Defendant argues Plaintiff may attempt[4] to use Plaintiff's current position to show he was qualified at the time of the alleged disability discrimination. Consequently, Defendant seeks Plaintiff's current employment information should they need to differentiate the two positions. *See generally* Filing No. 26.

Plaintiff, on the other hand, argues that whether an individual is a "qualified individual" must be determined "at the time of the employment decision" and, because Plaintiff was hired by his current employer *after* the alleged discriminatory action, this information is irrelevant. *See generally* Filing No. 29. In the alternative, Plaintiff argues the authorization is not proportional to the needs of the case as it may jeopardize his current employment.

The Court (and the Defendant) agree with Plaintiff that to prevail under § 12112(a), he must plead and prove that he held or desired a job and could perform its essential functions with or without reasonable accommodation, *at the time of an employer's alleged act of disability-based discrimination*. *See Stanley v.*

---

[3] Plaintiff offers to provide Defendant with documents demonstrating his pay. Consistent with the opinion herein, the Court will require said production.

[4] Moreover, Plaintiff has refused to stipulate that he would not use Plaintiff's current employment at Zebis beyond mitigation at trial. Filing No. 27-4 at 1.

*City of Sanford, Florida*, 145 S.Ct. 2058, 2071 (2025). But that does not end the present relevance inquiry. Rather, Defendant has clearly identified a circumstance[5] where Plaintiff's *current* employment conditions could be used in an attempt to prove Plaintiff's qualifications at the time of the alleged discrimination. This is true based on the closeness in time of the events (Plaintiff obtained his current job within months of his work with Defendant) and similarity of job titles. Defendant has met its burden of showing the relevance and need for the discovery.

The burden now turns to Plaintiff to prove his objections are valid "by providing specific explanations or factual support as to how each discovery request is improper." *Hofer*, 981 F.2d at 380. Defendant's narrowed request is limited to "application materials, job description, documentation of post-offer medical inquiries or examinations and the results thereof, and documentation of any safety-related disciplinary actions or measures, including performance evaluations discussing the same." As determined above, Plaintiff's relevance objection falls short.[6] Moreover, a small document production from a single source is not disproportionate to the needs of this case. Plaintiff did not prove his objections were valid regarding the limited discovery request before the Court. This is especially true where Plaintiff refused to stipulate that he would not use Plaintiff's current employment at Zebis for issues beyond mitigation at trial.

Plaintiff also argues the authorization's potential harm to his current employment relationship make the request disproportional to the needs of the case. Filing No. 29 at 6. While the Court recognizes Plaintiff's displeasure with

---

[5]  The Court does not speculate on the admissibility of the evidence. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. Proc. 26(b)(1).

[6]  Plaintiff originally objected to Defendants RFP 19 as overbroad. This objection appears to have been subsumed by the relevance objection discussed within especially when considering the narrowed nature of the request.

Defendant's potential contact with his current employer, there is no evidence that Defendant's request is an attempt to harass Plaintiff and Plaintiff does little to articulate any identifiable harm. And there is certainly no blanket rule that discovery cannot be sought from a current employer despite the potential for a negative reaction. Thus, the Court finds Plaintiff's argument unavailing.

As set forth above, the limited request provides for the production of certain documents which this Court finds relevant and within the scope of Rule 26. Because the request has been limited through meet and confer discussions and discussions with the Court, Plaintiff has not had the opportunity to obtain the requested documents himself and respond to Defendant's request for production. Given this, Plaintiff may elect[7] to obtain the information within his employment file from Zebis and produce the relevant documents to Defendant within thirty days of this order in lieu of signing a release.[8]

Defendant's motion, Filing No. 25, is granted to the extent set forth herein.

IT IS SO ORDERED.

---

[7] This method for providing Defendant the responsive records should also alleviate Plaintiff's concern with Defendant being in direct contact with his current employer. *See Cornell v. Jim Hawk Truck Trailer, Inc.*, 298 F.R.D. 403, 408 (N.D. Iowa 2014). If this method is elected, Plaintiff is to obtain the file and produce any documents responsive to the narrowed request considered herein. Plaintiff shall also produce any documents relevant to Plaintiff's alleged mitigation of damage, a topic all parties agree is relevant.

[8] The Court will compel Plaintiff to sign a release which specifically delineates the documents to be produced (i.e. application materials, job description, documentation of post-offer medical inquiries or examinations and the results thereof, and documentation of any safety-related disciplinary actions or measures, including performance evaluations discussing the same) should he not respond to the narrowed request for production.

Dated this 29th day of August, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge